IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>HECTOR ANTONIO ORELLANA and OSCAR A. ORELLANA, individually and d/b/a ROCCAPULCO; and 1 PRODUCTION SF, LLC, an unknown business entity d/b/a ROCCAPULCO,<br><br>    Defendants.                   / | No. 08-05468 CW<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE (Docket Nos. 25 and 26) |

    Plaintiff J & J Sports Productions, Inc. moves to strike the Answer and affirmative defenses of Defendants Hector Antonio Orellana, Oscar A. Orellana and 1 Production SF, LLC. In a separate motion, Plaintiff moves to strike Defendants' demand for a jury trial. Defendants oppose the motions. The motions were taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court DENIES Plaintiff's motions to strike.

## BACKGROUND

    Plaintiff filed its Complaint on December 5, 2008, alleging that Defendants unlawfully showed a sporting event at their establishment in San Francisco, California. They bring three

claims: (1) violation of 47 U.S.C. § 553, (2) violation of 47 U.S.C. § 605 and (3) conversion.  For its claims under §§ 553 and 605, Plaintiff seeks statutory, not actual, damages.  Defendants answered on March 3, 2009, asserting twenty-nine affirmative defenses and demanding a jury trial.

The Court entered a Case Management Order on April 22, 2009. (Docket No. 16.)  Under that Order, fact discovery was scheduled to end on April 1, 2010 and any case-dispositive motions were to be heard on or before April 22, 2010.  A case management conference is scheduled for April 22.

On January 4, 2010, Plaintiff filed its two motions to strike. Defendants have filed briefs in opposition to the motions. Plaintiff did not reply.

DISCUSSION

I.   Motion to Strike Answer and Affirmative Defenses

Although Plaintiff moves to strike Defendants' Answer and the affirmative defenses contained therein, it directs its argument at Defendants' affirmative defenses.  Accordingly, the Court assumes Plaintiff requests the striking of the affirmative defenses, not Defendants' Answer in its entirety.

Plaintiff's motion is untimely.  As Defendants correctly note, a party's motion to strike pursuant to Rule 12 must be filed "within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f)(2).  Plaintiff filed its motion over ten months after it was served with Defendants' Answer.

Even if Plaintiff's motion were timely, the Court would not have stricken Defendants' affirmative defenses.  A defendant need

2

only "state in short and plain terms" its defenses. Fed. R. Civ. P. 8(b); see also Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). A court should strike defenses only if they are clearly insufficient. See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984); accord Lunsford v. United States, 570 F.2d 221, 229-30 (8th Cir. 1977) (court should deny motion to dismiss a defense as insufficient as a matter of law if complete development of the factual record might avoid the need to decide an unresolved question of law); Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) (court should grant motion to strike only if the pleading has no possible relation to the controversy); Moore's Federal Practice 3d, § 12.37[1], [4] (Rule 12(f) motions are general disfavored and motions to strike defenses should be denied if sufficiency of defense depends on disputed issues of fact or questions of law).

Defendants have adequately stated their defenses, which are apparently plead as boilerplate in an abundance of caution. The Court trusts that Defendants will not pursue them at trial if they do not discover evidence to support them.

Accordingly, Plaintiff's motion to strike Defendants' affirmative defenses is denied.

II. Motion to Strike Jury Demand

Plaintiff challenges Defendants' jury demand, asserting that there is no right to jury trial on Plaintiff's claims for statutory damages under 47 U.S.C. §§ 553 and 605. Federal Rule of Civil Procedure 39(a)(2) requires the Court to determine whether there

3

are issues for which there is no federal right to trial by jury.[1]

The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. The preservation of the right to jury trial "is not limited to actions that actually existed at common law, but extends to actions analogous thereto." Spinelli v. Gaughan, 12 F.3d 853, 855 (9th Cir. 1993) (citing Tull v. United States, 481 U.S. 412, 417 (1987)).

To determine whether a right to jury trial on a cause of action exists, a court looks to: (1) "the nature of the right" and (2) whether the remedies provided "are legal or equitable in nature." Spinelli, 12 F.3d at 855-56. The second prong of this test is the more important of the two. Id. at 855.

The Ninth Circuit has not addressed whether there is a right to a jury trial for claims seeking statutory damages under 47 U.S.C. §§ 553(c)(3)(A)(ii) and 605(e)(3)(C)(i)(II). District courts are divided on this issue. Compare Nat'l Satellite Sports, Inc. v. Cotter's Lounge, 88 F. Supp. 2d 1024 (E.D. Mo. 2000) (requiring jury trial) with Storer Cable Commun's v. Joe's Place Bar & Rest., 819 F. Supp. 593 (W.D. Ky. 1993) (concluding that no jury right inhered).

---

[1] Defendants assert, and Plaintiff does not dispute, that they have a right to jury trial on Plaintiff's claim for conversion. Conversion is a common law tort, the legal remedy for which is monetary damages. Thus, Defendants have a right to a jury trial on issues related to Plaintiff's conversion claim. However, although one claim provides such an entitlement, it does not follow that the right extends to all of Plaintiff's claims.

4

1   Before determining whether the Seventh Amendment accords a
2 right to a jury, the Court must first attempt to construe the
3 statutes in a manner that avoids the constitutional question.
4 Tull, 481 U.S. at 417 n.3.  Although these provisions make no
5 explicit mention of juries, this omission does not preclude an
6 implicit statutory right to a jury trial.  Standard Oil of Cal. v.
7 Arizona, 738 F.2d 1021, 1023-24 (9th Cir. 1984).  These sections
8 state that statutory damages may be awarded within a given range
9 "as the court considers just."  47 U.S.C. §§ 553(c)(3)(A)(ii) and
10 605(e)(3)(C)(i)(II).[2]  The Supreme Court has concluded that
11 identical language, contained in the statutory damages provision of
12 the Copyright Act, does not afford a right to jury trial.  Feltner
13 v. Columbia Pictures Television, Inc., 523 U.S. 340, 345-47 (1998)
14 (stating that the "word 'court' in this context appears to mean
15 judge, not jury").  Further, other district courts have concluded
16 that these sections do not convey a jury right.  See, e.g.,
17 Cotter's Lounge, 88 F. Supp. 2d at 1025; Storer Cable, 819 F. Supp.

---

[2] Section 553(c)(3)(A)(ii) provides:

> the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.

Section 605(e)(3)(C)(i)(II) provides:

> the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

5

at 596. Because the provisions accord courts discretion in awarding statutory damages and given persuasive authority on the matter, the Court holds that Congress did not imply a right to jury trial for statutory damages under §§ 553 and 605. The Court must therefore reach the constitutional question.

The first inquiry concerns the nature of the rights protected by these statutes. Congress intended § 553 to combat piracy of cable television and § 605 to proscribe an unauthorized interception of wireless transmissions. TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 200-07 (3d Cir. 2001). Quite clearly, causes of action for cable piracy and the interception of wireless transmissions did not exist in the late 18th century. Nevertheless, a jury right may inhere to these statutory claims if they are analogous to common law claims. Feltner, 523 U.S. at 348.

Other district courts addressing claims similar to Plaintiff's analogize them to torts involving interference with property rights, such as conversion, which existed at common law. See, e.g., Cotter's Lounge, 88 F. Supp. 2d at 1025-26; Nat'l Satellite Sports, Inc. v. No Frills Rest., Inc., 15 F. Supp. 2d 1360, 1362-63 (S.D. Fla. 1998); see also Storer, 819 F. Supp. at 596 (opining that conversion is a fair comparison). This is a suitable analogy. Plaintiff brings claims under §§ 553 and 605 to recover for alleged unauthorized reception and display of a sporting event. Plaintiff maintains that it had "exclusive nationwide television distribution rights" to the event and that it granted sub-licenses to other entities for the event's public exhibition. Compl. ¶¶ 11-12. Plaintiff suggests that Defendants' unauthorized showing of the

6

event derogated its licensing rights. Although §§ 553 and 605 do not wholly align with the elements of conversion, they protect a party's right to control the transmission of programming, either through cable or wireless means. The nature of the rights protected by these statutes appear sufficiently analogous to those covered by the property torts.

The more important inquiry, however, is whether the relief afforded is equitable or legal in nature. Generally, monetary relief is a legal remedy and "an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." Feltner, 523 U.S. at 352; see also Traxler v. Multnomah County, 596 F.3d 1007, 1012 (9th Cir. 2010). However, "an award of monetary damages may constitute equitable relief if it is incidental to or intertwined with injunctive relief." Traxler, 596 F.3d at 1012 (quoting Chauffeurs Local No. 391 v. Terry, 494 U.S. 558, 571 (1990)) (internal quotation marks omitted). In this respect, the award of front pay in employment cases is considered equitable in nature because it is intertwined with a determination on the viability of reinstatement, which itself is an equitable remedy. Traxler, 596 F.3d at 1012.

Here, the Court finds no reason to depart from the general rule that monetary damages are legal in nature. Congress added the statutory damages provisions while it was concerned with deterring parties from stealing cable television services. See generally H.R. Rep. No. 98-934, at 83-85 (1984), reprinted in 1984 U.S.C.C.A.N. 4655, 4720-22. Thus, a reasonable assumption is that Congress intended these provisions to discourage theft. Because

7

remedies intended to punish were generally issued by courts of law, this legislative context supports the conclusion that these damages are legal in nature. See Tull, 481 U.S. at 422 (citing Curtis v. Loether, 415 U.S. 189, 197 (1974)). While these statutes authorize a court to provide injunctive relief, 47 U.S.C. §§ 553(c)(2)(A) and 605(e)(3)(B), the statutory damages are not incidental or intertwined to these remedies. Each form of relief could be ordered independent of the other.

Plaintiff cites Joe Hand Promotions, Inc. v. Nekos, 18 F. Supp. 2d 214 (N.D.N.Y. 1998) to argue that statutory damages serve a restitutionary purpose and therefore should be considered equitable. In Joe Hand, the court, relying on Storer Cable, offered two reasons to support its conclusion that statutory damages under §§ 553 and 605 constitute restitution. First, it stated that "restitution is appropriate when the plaintiff's loss is more than the defendant's gain." Id. at 217 (citing Storer Cable, 819 F. Supp. at 596). This is because, according to the court, restitution "refers more to the defendant's tortious conduct and thwarting it in the future than compensating plaintiff's actual loss." Joe Hand Promotions, 18 F. Supp. 2d at 217 (citing Storer Cable, 819 F. Supp. at 597). Second, the court believed that its discretion in awarding such damages rendered them equitable. Joe Hand Promotions, 18 F. Supp. 2d at 217. This Court finds neither basis persuasive. Without passing on whether Joe Hand correctly defines when restitution is proper, the deterrent purpose that court identifies favors, as noted above, the conclusion that the statutory damages are legal. Furthermore, discretion in providing

8

a remedy does not necessarily render it equitable and, thus, outside the purview of juries. In <u>Feltner</u>, the Supreme Court concluded that the statutory damages provision of the Copyright Act, which likewise provides that statutory damages may be awarded "as the court considers just," 17 U.S.C. § 504(c)(1), accords a right to jury trial, even on the amount itself. 523 U.S. at 355. The Court found support in "historical evidence that cases involving discretionary monetary relief were tried before juries." <u>Id.</u> at 353. Notably, the decision in <u>Storer Cable</u> predated <u>Feltner</u>. And, although the court in <u>Joe Hand</u> cited <u>Feltner</u> for general legal concepts, it based its analysis on <u>Storer Cable</u>. See <u>Joe Hand Promotions</u>, 18 F. Supp. 2d at 217.

Plaintiff has not provided persuasive authority or argument to show that statutory damages under §§ 553 and 605 are equitable in nature. Accordingly, the Court holds that the Seventh Amendment preserves the right to jury trial on issues related to Plaintiff's request for statutory damages under §§ 553 and 605.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motions to strike. (Docket Nos. 25 and 26.) A further case management conference is scheduled for April 22, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: April 19, 2010

CLAUDIA WILKEN
United States District Judge